MESSNER REEVES LLP
Kathleen Carter (SBN 157790)
kcarter@messner.com
Paul Hesse (SBN 111598)
phesse@messner.com
611 Anton Boulevard, Suite 450
Costa Mesa, California 92626
Telephone: (949) 612-9128
Facsimile: (949) 438-2304

Attorneys for Defendant AMERICAN SOCIETY FOR YAD VASHEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DONNA YASMIN LAVY, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN SOCIETY FOR YAD VASHEM, a New York not-for-profit corporation; and DOES 1 through 50, inclusive,<br><br>    Defendant. | Case No. 2:23-cv-09038-MWF-PVC<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Statement of Uncontroverted Facts and Appendix of Evidence]<br><br>**DATE: September 9, 2024**<br>**TIME: 10:00 a.m.**<br>**DEPT. 5A** |

{08496269 / 1}

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN**:

PLEASE TAKE NOTICE that on September 9, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard in at the First Street U.S. Courthouse, 350 W 1st Street, Los Angeles, California 90012, Defendant American Society for Yad Vashem will move the court for an order granting summary judgment against Plaintiff Donna Yasmin Lavy.

This motion is made pursuant to Federal Rule of Civil Procedure 56 and is based upon Notice of Motion and Memorandum of Points and Authorities, the Statement of Uncontroverted Fact and Declarations served concurrently herewith, all documents on file herein, and upon such oral and documentary evidence as may be presented at the time of the hearing on this Motion.

Counsel for the respective parties have met and conferred prior to filing this motion, via email and discussions. The communications were unsuccessful, and this Motion ensued.

DATED: August 12, 2024                    MESSNER REEVES LLP

                                                                               */s/Paul Hesse*
                                                  Kathleen Carter
                                                  Paul Hesse
                                                  Attorneys for AMERICAN SOCIETY FOR YAD VASHEM

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Donna Yasmin Lavy ("Plaintiff") was employed by Defendant American Society for Yad Vashem ("Defendant" or "ASYV") from November 2016 through July 2022 (five and a half years). (Uncontroverted Fact [UF] No. 1.) Plaintiff served in various development roles with ASYV and was a Senior Development Associate when she was terminated because her supervisor had concluded, eight (8) months earlier, that the mission of ASYV no longer called for the renewal of the lease on the Los Angeles office or all of the staffing therein. (UF 2-3.)  Lavy was one of only two remaining employees of the Los Angeles Office, the other employee being her supervisor, who was the Western Regional Director with responsibilities that extended far beyond just Los Angeles. (UF 3-4.) ASYV, which is based in New York, shut down all U.S. operations within the following year and was no longer functioning by the end of 2023. (UF 5.)

Plaintiff's operative First Amended Complaint (the "FAC") alleges claims for (1) discrimination, (2) retaliation, (3) failure to prevent discrimination and retaliation, (4) failure to accommodate pregnancy disability, and (5) failure to engage in the interactive process under California's Fair Employment and Housing Act (the "FEHA") as well as (6) retaliation in violation of California Labor Code section 1102.5, and (7) wrongful termination. However, under the "ministerial exception" as decided by the United States Supreme Court in *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. EEOC* (2012) 565 U.S. 171 and *Our Lady of Guadalupe Sch. v. Morrissey-Berru* 591 U.S. 732 (2020), Plaintiff's claim is barred. The claim is also barred by the religious-entity exception to FEHA. *See Kelly v. Methodist Hosp. of S. Cal.* (2000) 22 Cal.4th 1108 (religious-entity exception).

Lavy's role and the performance of her duties were: (1) constitutionally

protected fundraising activities and (2) education for the sole purpose of ASYV's mission, which is enshrined in Jewish teachings of Tzedakah (the Hebrew word for righteousness and charity) in connection with teaching and programming relating to remembrance of the Shoah (the Hebrew word for the Holocaust).  Lavy carried out ASYV's mission of offering a deeply Jewish based programming and education in partnership with Yad Vashem, the World Holocaust Remembrance Center in Jerusalem in the Jewish State of Israel.  Therefore, ASYV respectfully requests the court to grant summary judgment in its favor.

## II. STATEMENT OF UNCONTROVERTED MATERIAL FACTS

### A. The American Society for Yad Vashem and Its Mission

ASYV is a non-profit entity established in 1981 by a group of Holocaust Survivors. (UF 6.)  Its mission is to preserve the legacy of the victims and survivors of the Holocaust (Shoah) through research, education, publications, exhibitions and philanthropy. (*Id*.)   For more than 40 years, ASYV worked alongside Yad Vashem, the World Holocaust Remembrance Center in Jerusalem.  (UF 7.)  ASYV's national office was located in New York.  (UF 9.)  Through seminars and conferences, ASYV has trained educators and professionals to preserve the educational curriculum of Yad Vashem in the classroom and in the public sphere.  (UF 8.)  Its Young Leadership Associates, a dynamic group of members representing the next generation, holds programs to promote Holocaust education and awareness among their peers.  (*Id.*)

ASYV's sole function is to educate the world not to forget the most calamitous, and predominantly Jewish, event in world history.  (UF 7.)  ASYV engages in fundraising activities and provides awareness and education; it neither manufactures nor distributes any product or service for profit. (*Id.*)  It functions solely to educate, and it exists only because donations from persons who share the same belief – that the holocaust must not be forgotten.  (*Id.*)  ASYV was a member

of the Association of Holocaust Organizations (AHO).  (https://www.ahoinfo.org/.) (UF 10.)  The AHO serves "as an international network of organizations and individuals for the advancement of Holocaust education, remembrance and research."  (*Id.*)

Lavy's roles at ASYV included Development Assistant, Development Associate and Young Leadership, Interim Western Region Director, and Senior Development Associate.)  (UF 1.)  Each role required her to carry out its mission of offering a deeply Jewish based programming and education in partnership with Yad Vashem, the World Holocaust Remembrance Center in Jerusalem in the Jewish State of Israel.  (UF 12.)  As a result, Plaintiff fits squarely within the ministerial exception.

As an example of ASYV's activities, it partnered with the Sinai Temple and Jerusalem's Yad Vashem Holocaust Remembrance Center to feature Holocaust survivors as guest speakers.  (UF 7.)   Exhibitions were announced at the Sinai Temple in Los Angeles.  The Director of Education is responsible for education and outreach and programs, professional development, teacher training, and traveling exhibitions "to raise the public's awareness of the lessons of the Holocaust."  (*Id.*) Perhaps the most notable recognition came in a letter from Prime Minister Benjamim Netanyahu to ASYV, expressing the "critical role in holding Holocaust deniers to account, teaching the world not only about what really happened in this darkest period, but also how to ensure it does not happen again."  (UF 11.)

ASYV's national office was located in New York until the end of 2023, when it ceased operations in the United States.  (UF 9.)

**B.    Plaintiff's Termination**

Lavy disclosed for the first time her pregnancy to her supervisor, Sylvia Moskovitz, on or about March 2, 2022.  (FAC, ¶ 9.)  ASYV had previously been dealing with the Los Angeles office lease, which was to expire on September 30,

2022. (UF 3-5.) After Lavy disclosed her pregnancy, one of the three employees assigned to Los Angeles resigned, leaving only Lavy and her supervisor. (*Id*.) The Los Angeles office had been unutilized and post-Covid meetings including with donors shifted to online or other locations outside the office. (UF 3.)

### III. LEGAL ARGUMENT

#### A. Religious-Entity Exemption

The Fair Employment and Housing Act (FEHA) (Cal. Gov. Code § 12900) bars discrimination by employers on several enumerated bases. Under § 12900(d), the term "employer" specifically excludes "a religious association or corporation not organized for private profit." In *Kelly v. Methodist Hosp. of S. Cal*. (2000) 22 Cal.4th 1108, the court rejected the notion, advocated by a terminated nurse, that a Methodist hospital was not sufficiently religious to merit an exemption. Under *Kelly*, it is the nature of the entity, not the nature of the employee's work, that determines whether the entity qualifies for the religious-entity exemption. In *Kelly*, the hospital was founded by members of the Methodist faith and healthcare is a social service that has been motivated by a sincerely-held belief that that healing the sick serves to advance religious principles of the faith; employees do not need a religious affiliation or job function. *Id.* at 1123. "We therefore read the relevant version of the religious-entity exemption as encompassing any entity with colorable religious motivation and substantial bona fide religious affiliations." *Id.* at 1124-1125. *See also* footnote 5 (noting that quasi-secular institutions are exempt employers under Title VII). Finally, the court noted: "Every religiously affiliated entity generally is both secular and religious to some extent . . . ." *Id.* at 1124.

Turning to the applicability the religious-entity exception to the case at bar, it cannot be disputed that the Holocaust is a uniquely Jewish event in world history. Indeed, as courts routinely take judicial notice of the "tragic events resulting from the German invasion of Poland and the Nazi policy of mass extermination," they do

so in recognition that the crimes were committed not merely against Jews as an ethnic group but "all people of the Jewish faith." *In re Tien's Estate,* 340 N.Y.S.2d 249, 250 (1973) (citing *Matter of Elias*, 70 N.Y.S.2d 856 (1947); *Matter of Magre*, 73 N.Y.S.2d 467 (1947); *Matter of Frankel* [*In re Franke's Estate*], 92 N.Y.S.2d 30 (1949) (discussing Nazi armies carrying out their policy of extermination of those of the Jewish faith).

And while Jews may also generally be recognized as members of an ethnic group, it is the Jewish faith that courts recognize. For example, in *People v. Kagan*, 420 N.Y.S.2d 987 (1979), the court cited the "Jewish faith" when discussing appropriateness of peremptory challenges. *Id*. at 989. *See Powell v. Bob Downes Chrysler-Plymouth, Inc.*, 865 F.Supp. 1340, 1345 n. 4 (referring to "Jewish faith"); *Grech v. Wainwright*, 492 F.2d 747, 750 (5th Cir. 1974) ("Jewish Faith"). In the *Grech* case, the court explicitly defined the Jewish faith in term of "religious proclivities." *Id.* at 749. And in *Joseph v. State of Florida*, 636 So.2d 777 (Fla. 3d DCA 1994), the court stated: "Jews share a common experience of persecution . . . such as the attempted genocide of Jews, for reason based *solely upon their religion*, at the hands of the Nazis." *Id.* at 780.

In *U.S. v. Somerstein*, 959 F.Supp. 592 (E.D.N.Y 1997), a prosecutor exercised a peremptory challenge to potential jurors based on their Jewish faith. The issue was whether the challenge violated the rule of the *Batson* case, where the Supreme Court held that race-based challenges to jurors was a violation of the Equal Protection Clause. *Batson v. Kentucky,* 476 U.S. 79 (1986). The *Somerstein* court extended *Batson* to religious-based challenges, including to the Jewish faith.

In *Farbstein v. Hickesville Public Library,* 323 F.Supp.2d 414 (E.D.N.Y. 2004) the court held that a claim of racial discrimination under § 1981 of the Civil Rights Act of 1964 did not apply to a claim for discrimination against those who adhere to the Jewish faith: "This is a claim of religious discrimination rather than

racial discrimination." *Id.* at 417. *See also Man-of-Jerusalem v. Hill*, 769 F.Supp. 97, 102 (E.D.N.Y.1991) (dismissing racial discrimination claim wherein plaintiff claimed religious discrimination based on employer' denial of paid leave for Jewish holidays).

Here, ASYV's sole function was to educate the public on the Holocaust, which was a crime against the Jewish Faith. Lavy's sole function was to raise funds for ASYV to spread its message or remembrance to and through young leadership, although her actual function is irrelevant given ASYV's function.

### B. The Ministerial Exception to FEHA Claims

Summary judgment in favor of the employer is appropriate if the "ministerial exception" applies. This exception applies not merely to churches but to "religious groups." *Hosanna-Tabor Evangelical Church*, *supra,* 565 U.S. 171, 176, 184, 196 (2012). The exception is broad and not limited to ordained ministers. *See id.* at 203-204 (Alito, J., concurring). Indeed, just last month the Ninth Circuit in *Behrend v. San Francisco Zen Center*, __ F.4th __, 2024 WL 3435307, held that the ministerial exception barred a member of the maintenance crew of the San Francisco Zen Center from suing his employer for disability discrimination. S*ee also*, *Sterlinksi v. Catholic Bishop of Chicago*, 934 F.3d 568, 572 (7th Cir. 2019) (organist); *Schleichter v. Salvation Army*, 518 F.3d 472 (7th Cir. 2008) (administrator of rehabilitation center); *Starkman v. Evans*, 198 F.3d 173 (5th Cir.1999) (lay choir director); *E.E.O.C. v. Catholic Univ. of Am.,* 83 F.3d 455 (D.C. Cir. 1996) (member of university canon law faculty); *Markel v. Union of Orthodox Jewish Congregations of America*, 648 F.Supp.3d 1181 (C.D. Cal. 2023) (employee supervising kosher food compliance); *Shaliehsabou v. Hebrew Home of Greater Washington, Inc.*, 363 F.3d 299 (4th Cir. 2004) (same).

Employment decisions belong to the religious group, free from government interference, notwithstanding otherwise applicable employment discrimination laws.

This principle is based the Establishment and Free Exercise clauses of the First Amendment to the United States Constitution. At its core, the First Amendment protects religious organizations' "autonomy with respect to internal management decisions that are essential to the institution's central mission." *Our Lady of Gudalupe School*, supra, 591 U.S. at 746. In that case the Supreme court explained that the factors triggering the ministerial exception "are not inflexible requirements and may have far less significance in some cases" (*id.* at 753), and that courts should "take all relevant circumstances into account and to determine whether each particular position implicated the fundamental purpose of the exception." *Id.* at 757-758. The exception bars suit even if the employee is not a religious leader, provided the employee carries out the mission of the organization. *Hosanna-Tabor, supra*, 565 U.S. at 196.

In *Markel v. Union of Orthodox Jewish Congregations of America*, 648 F.Supp.3d 1181 (C.D. Cal. 2023), federal judge John W. Holcomb of the Central District of California applied the ministerial exception to a mashgiach, that is, an individual who served as an on-site supervisor and inspector to ensure that a restaurant, winery, or other food service establishment was acceptably kosher under the Jewish religion. The court granted summary judgment in favor of a non-profit Jewish synagogue organization that represented several hundred congregations across the United States, on the basis that the organization ensures the availability of kosher foods by acting as the leading national certification agency of kosher food products. The observance of "kashruth," or keeping kosher, was deemed part of the body of Jewish religious laws. The court applied both *Hosanna-Tabor* and *Lady of Guadalupe*, to enforce the ministerial exception and bar the mashgiach's employment suit. The mashgiach was a "minister" because his position was central to mission of Judaism and "he was tasked with duties involving Jewish beliefs." 648 F.Supp.3d at 1191.

The *Markel* court cited with approval the case of *Shaliehsabou v. Hebrew Home of Greater Washington, Inc.*, 363 F.3d 299 (4th Cir. 2004). In that case, the plaintiff also was a mashgiach responsible for the defendant nursing home's compliance with kashruth. The court dismissed the plaintiff's suit for unpaid overtime wages and Maryland's wage and hour law. The Fourth Circuit determined that the nursing home was a religiously-affiliated entity under Supreme Court authority for purpose of the ministerial exception – even though the nursing home offered and profited from secular services. 363 F.3d at 310-311.

If mashgiachs were barred from suing the Jewish organizations in the *Markel* and *Shaliehsabou* cases, Plaintiff Lavy herein is barred from suing ASYD. As demonstrated above, other courts have, and this court should, take judicial notice that the Holocaust was a crime against all people of Jewish faith. ASYV existed solely to assure remembrance, and Lavy's role was to carry out that function in the Los Angeles office. ASYV was a wholly nonprofit entity exclusively engaged in education about the holocaust, and Lavy's employment was devoted solely to that purpose. The nursing home in *Shaliehsabou* was a case against a for-profit entity, unlike ASYV, which is a non-profit entity, rendering ASYV far more deserving of the ministerial exception.

Lavy's role as a fundraiser and educator of young leadership in the Los Angeles office of ASYV is no less worthy of the title of "minister" than a person who ensures compliance with kosher requirements. In *Aparicio v. Christian Union, Inc.*, 2019 WL 1437618 (S.D.N.Y), the director of public affairs, who had no religious training, was required to raise funds and to act as the liaison to donors of the Christian Union. The court applied the ministerial exception to dismiss Christian Union as a matter of law under the Supreme Court's opinion in *Hosanna-Tabor*. The court saw no need to evaluate the employee's conduct based on any religious activity.

The Ninth Circuit's new decision in *Behrend*, *supra*, __ F.4th __ (9th Cir. 2024), 2024 WL 3435307, further bolsters ASYV's position. In that case, the plaintiff was assigned to the maintenance crew of the Zen Buddhist temple. He sued for disability discrimination under the Americans with Disabilities Act (ADA) in the Northern District of California. The Temple's motion for summary judgment was granted and the Ninth Circuit affirmed, rejecting plaintiff's argument that he performed mostly menial work and did not preach or transmit the faith to others. The *Behrend* court relied on *Hosanna-Tabor* noting the ministerial exception involves no "rigid formula" but instead "a variety of factors may be important," considering "all the circumstances of [his] employment." *Id.* at *3. The most important circumstance is whether the employee had a "role in carrying out" the mission of the organization. *Id.*, citing *Hosanna-Tabor*, 565 U.S. at 192, and *Our Lady of Guadalupe*, *supra,* 501 U.S. at 756-757.

Here, Plaintiff's mission as a Development Associate was in furtherance of ASYV religious mission of educating the world on the Holocaust. Under *Behrend*, she need not be a teacher nor a leader of the organization to fall to be barred by the ministerial exception: "Since the purpose of the exception is to ensure a religious organization's independence in matters of faith, doctrine, and government, surely it applies just as readily to those who perform vital, but not necessarily hierarchical, functions." *Behrend* at 4; *see also* fn. 3 ("We therefore defer to the Center's view that Behrend's duties are, by nature, religious.").

## II.  CONCLUSION

Based on the foregoing, ASYV respectfully requests that the Court grant the motion for summary judgment thereby barring Plaintiff's wrongful termination causes of action.

| | | |
|---|---|---|
| 1 | DATED: August 12, 2024 | MESSNER REEVES LLP |
| 2 | | */s/Paul Hesse* |
| 3 | | Kathleen Carter<br>Paul Hesse |
| 4 | | Attorneys for AMERICAN SOCIETY FOR YAD VASHEM |

# CERTIFICATE OF SERVICE

## LAVY v. AMERICAN SOCIETY FOR YAD VASHEM
## 2:23-cv-09038

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626.

On August 12, 2024, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

Rise Law Firm, P.C.
Eliot Rushovich
Elissa Waizman
8383 Wilshire Boulevard, Suite 800
Beverly Hills, CA 90211
Telephone: (310) 728-6588
Facsimile:  (310) 728-6560
eliot@riselawfirm.com
elissa@riselawfirm.com
deanna@riselawfirm.com
service@riselawfirm.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address dlarenas@messner.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on August 12, 2024, at Santa Ana, California.

            */s/Diana Larenas*
            Diana Larenas