MESSNER REEVES LLP
Kathleen Carter (SBN 157790)
kcarter@messner.com
Paul Hesse (SBN 111598)
phesse@messner.com
611 Anton Boulevard, Suite 450
Costa Mesa, California 92626
Telephone:(949) 612-9128
Facsimile: (949) 438-2304

Attorneys for Defendant AMERICAN SOCIETY FOR YAD VASHEM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DONNA YASMIN LAVY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN SOCIETY FOR YAD VASHEM, a New York not-for-profit corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. 2:23-cv-09038-MWF-PVC<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>[Filed concurrently with Reply re Separate Statement of Uncontroverted Facts]<br><br>DATE: September 9, 2024<br>TIME: 10:00 a.m.<br>DEPT. 5A |

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  Preliminary Statement**

Purporting to addressing the narrow legal issues before the court, Plaintiff nevertheless offers an additional 124 purported additional facts in her responsive Separate Statement opposing ASYV's motion. Plaintiff thus relates, from her perspective, the entire story of her employment from the beginning to the end. But this motion is not the forum to address all of Plaintiff's countless grievances and perceived slights, nor indeed is it an occasion that calls for ASYV to respond to the

litany of smears leveled against it. The issue before the court is not whether Plaintiff was terminated from her employment when AYSV decided not to renew the LA Office lease – she was terminated. Nor is the issue whether Plaintiff is, or should be, angry at her former employer – she clearly is. And the issue is not whether ASYV had a duty to succumb to Plaintiff's demands for a large block of vacation days – she agrees she was not deprived of a single day of vacation, although the schedule was modified. (Opp., pp. 9-11.)

In any event, ASYV declines the invitation to respond to the barrage of false accusations (which are suitable for trial, not summary judgment) and will focus on the legal issues involving the ministerial exception and religious-entity exception, which is the only issue involved in AYSV's motion and can be resolved as a matter of law and based on facts that Plaintiff does not dispute.

## II.  The Ministerial Exception and the Ninth Circuit's *Behrend* Decision

As a threshold matter, one of principal cases ASYV relies on in support of its motion is *Behrend* v. *San Francisco Zen Center, Inc.* (9th Cir. 2004) 108 F.4th 765. Plaintiff argues that this case is not binding precedent because it is a District Court case. (Opp., p. 25, n. 7.) But it most certainly is a Ninth Circuit case. Of course, *Behrend* did begin as a District Court case but was appealed to, and affirmed by, the Ninth Circuit just over a month ago and weeks before ASYV filed this motion. At the time, the Federal Reporter had not updated its current volume with the new published decision, and so ASYV cited the Westlaw citation corresponding to the Ninth Circuit. Plaintiff's Westlaw citation to the District Court opinion of Feb. 14, 2023, is the correct citation to that court but overlooked the cite-checking feature of the Westlaw software, which shows the case was affirmed on July 17, 2024, in a well-reasoned opinion by the Ninth Circuit. Thus, Plaintiff's attempt to distinguish her case from the District Court's opinion in *Behrend* is unavailing.

The Ninth Circuit opinion handily disposes of all of Plaintiff's arguments purporting to avoid the ministerial exception.  First, Plaintiff suggests she is not a religious leader and her "titles again reflect a standard development executive role and nothing more." (Opp., p. 23.)  And she states that her job did not require "as a skill, knowledge of Holocaust history." (Lavy Decl., ¶ 41.)  Yet in the same declaration she describes her last two positions as "Interim Western Region ***Director***" and "***Senior*** Development Associate and Young ***Leadership***." (*Id.* [emphasis added].)  The assignment of "Young Leadership" was to "involve younger participants in raising money for the Holocaust Museum" and "meeting with potential donors." (*Id.*, ¶¶ 42, 44.)  Plaintiff also claims she "***effectively ran Defendant's Los Angeles office by herself***." (Opp., p. 6 [emphasis added].)  These under-oath acknowledgments bolster, rather than mitigate, the application of the ministerial exception as applied in *Behrend*, where plaintiff performed menial tasks and was not a leader in charge like Plaintiff herein.  And *Behrend* outright rejected the notion that the ministerial exception "only covers 'key roles' in preaching and transmitting the faith to others." 108 F.4th at 767.  Indeed, the Ninth Circuit cited the Supreme Court's "much broader rule" that covers positions like washing dishes, preparing guest rooms and conference spaces, and answering guests' questions, and participating in his reassigned position as part of the maintenance crew, and performing menial work. *Id.* at 767.  Plaintiff need not have any key role in "preaching and transmitting the faith to others." *Id.* at 768.  Thus, the court can take at face value Plaintiff's breathtaking announcement that she was a leader with little knowledge of Holocaust history:  the ministerial exception applies nonetheless.

Second, Plaintiff points to ASYV's acceptance of donations from non-Jews. (Opp., p. 4.)  But in *Behrend*, the ministerial exception applied even though the Zen Center offered "programs for the general public." 108 F.4th at 767.

Third, Plaintiff argues that ASYV events did not involve prayer in 2022, that

there were no rabbis among its employees, that some of the events were not held in a synagogue, that some events "were not kosher," and AYSV did not practice religious discrimination by refusing to hire non-Jews. (Opp., p. 3-4.) The Ninth Circuit (and for that matter the District Court) rejected such arguments. By focusing on the religious function of an employee, Plaintiff tries to lock this court into a "rigid formula," which concept was rejected by the Supreme Court in favor of a "variety of factors." *Our Lady of Gudalupe School v. Morrissey-Berru*, 591 U.S. 732, 750, 751; *Behrend*, 108 F.4th at 768-769. In *Behrend*, although plaintiff "performed mostly menial work," he nevertheless had a "role in carrying out" the mission of the organization. *Id.* at 769 (citing the Supreme Court cases *of Our Lady of Guadalupe*, 565 U.S. at 192 and *Hosanna-Tabor Evangelical Lutheran Church and School v. E.E.O.C*, 565 U.S. 171, 192). The *Behrend* court also relied on its own precedent, which held that a maintenance worker invoked the ministerial exception. *Alcazar v. Corp. of the Cath. Archbishop of Seattle*, 627 F.3d 1288 (9th Cir. 2010). Also, although the maintenance worker in *Alcazar* also assisted in Mass, the Ninth Circuit made clear in *Behrend* that such workers need not personally perform a religious function so long as they "had a role in carrying out [the organization's mission." 108 F.4th at 769. All of this binding precedent properly furthers the organization's independence in matters of faith, doctrine and government. *Behrend*, 108 F.4th at 770.

      Fourth, Plaintiff seems to suggest that if any non-Jew or members of a non-Jewish group died in the Holocaust, then the Holocaust was not a uniquely Jewish event in world history. (Opp., p. 2.) But it's irrelevant that Yad Vashem in Israel, and AYSV in the United States, are not the only organizations that memorialize the Holocaust. ASYV's motion cites its membership in the American Holocaust Organization, consisting of over 370 such members. Nor is it relevant that part of Holocaust remembrance is to also highlight genocide of other groups throughout

1 history.  (Opp., pp. 2-3.)  ASYV does not argue that the Jews are the only religious group in history that has been the victim of genocide, but the ministerial exception still applies.  ASYV is not subject to an employment lawsuit merely because it also recognizes the calamities suffered by various groups throughout history.  Indeed, Plaintiff acknowledges that "[t]he primary purpose of the Holocaust Museum is to educate the world about the Holocaust to ensure it never happens again."  (Opp., p. 2.)

### III. Religious-Entity Exemption – Independent Basis for Summary Judgment

Government Code § 12926(d) defines "employer" to specifically "not include a religious association or corporation not organized for private profit."  (Plaintiff does not dispute ASYV's not-for-profit status – *see* caption page and ¶ 2 of FAC [Dkt. 17].)  *Kelly v. Methodist Hosp. of S. Cal.* (2000) 22 Cal.4th 1108 ruled in favor of the non-profit defendant based on its interpretation of this section.  Plaintiff argues that ASYV's motion neglected to cite § 12926.2, which was enacted before *Kelly* but with an effective after that case was filed.  Section 12926.2 left § 12926(d) intact and added various provisions, including pertaining to "a health care facility," the "provision of health care," and employers involved "in any work connected with the provision of health care."  Gov. Code § 12926.2, subsections (c), (d), and (e).  Section 12926.2(a) also added a definition of "Religious Corporation" to include a corporation that is formed "primarily or exclusively for religious purposes."  As argued in the moving papers, ASYV function regarding the Holocaust is just such a purpose, which Plaintiff concedes throughout her declaration and separate statement of uncontroverted facts.  Section 12926.2 doesn't change the result in this case or add any obstacles to AYSV's motion.  And although *Kelly* explicitly recognized the existence of the pending legislation, that case involved the provision of health care

by a hospital and noted the heath care provisions of the statute. 22 Cal.4th at fn. 2.[1]

The religious-entity exception bars Plaintiff's lawsuit independently of the ministerial exception.

## II. CONCLUSION

Based on the foregoing, ASYV respectfully requests that the Court grant the motion for summary judgment.

DATED: August 23, 2024

MESSNER REEVES LLP

　　　　　/s/Paul Hesse
Kathleen Carter
Paul Hesse
Attorneys for AMERICAN SOCIETY FOR YAD VASHEM

---

[1] Plaintiff erroneously states that AYSV cited Gov. Code § 12920(d), a non-existent section. (Opp., p. 17, fn. 2.) Not so: AYSV did not cite such a section anywhere. Candidly, it appears that Plaintiff committed a typographical error in rushing to seize on what is an actual typographical error rather than a citation of a phantom code section. Plaintiff possibly meant to point out that while ASYV accurately quoted the definition of "employer" in § 12926(d), a "00" rather than "26" was mistyped directly after the sentence that did correctly cite § 12900. (Motion, p. 6:7-10.) Plaintiff could have merely acknowledged that AYSV quoted the relevant provision correctly and move on to the substance.

# CERTIFICATE OF SERVICE

## LAVY v. AMERICAN SOCIETY FOR YAD VASHEM
## 2:23-cv-09038

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626.

On August 23, 2024, I served true copies of the following document(s) described as

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** on the interested parties in this action as follows:

Rise Law Firm, P.C.
Eliot Rushovich
Elissa Waizman
8383 Wilshire Boulevard, Suite 800
Beverly Hills, CA 90211
Telephone: (310) 728-6588
Facsimile:  (310) 728-6560
eliot@riselawfirm.com
elissa@riselawfirm.com
deanna@riselawfirm.com
service@riselawfirm.com

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address dlarenas@messner.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on August 23, 2024, at Santa Ana, California.

*/s/Diana Larenas*
Diana Larenas