UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-09038-MWF (PVCx)**              **Date:  December 19, 2024**
Title:     Donna Yasmin Lavy v. American Society for Yad Vashem et al.

ePresent:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|  |  |
| --- | --- |
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT [28]

Before the Court is Defendant American Society for Yad Vashem's Motion for Summary Judgment (the "Motion"), filed on August 12, 2024.  (Docket No. 28). Plaintiff Donna Yasmin Lavy filed an Opposition on August 19, 2024, and a Notice of Errata with an updated Opposition on August 20, 2024.  (Docket Nos. 35, 36). Defendant filed a Reply on August 23, 2024.  (Docket No. 37).

The Court has read and considered the Motion and held a hearing on **November 19, 2024**.

The Motion is **DENIED**.  Defendant has failed to satisfy its burden of production to show that the ministerial exception and FEHA's religious corporation exemption are applicable.

## I.    BACKGROUND

Plaintiff initiated this employment action in Los Angeles Superior Court on September 7, 2023, which Defendant subsequently removed to this Court.  (*See* Notice of Removal (Docket No. 1)).  In the First Amended Complaint, Plaintiff asserts the following seven claims for relief: (1) sex-pregnancy discrimination in violation of California Fair Employment and Housing Act ("FEHA"); (2) retaliation in violation of FEHA; (3) failure to prevent discrimination and retaliation in violation of FEHA; (4) failure to accommodate pregnancy disability in violation of FEHA; (5) failure to

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-09038-MWF (PVCx)            Date:  December 19, 2024**
Title:      Donna Yasmin Lavy v. American Society for Yad Vashem et al.

engage in interactive process in violation of FEHA; (6) retaliation in violation of
California Labor Code section 1102.5; and (7) wrongful termination in violation of
public policy.  (Docket No. 1-2).

The following facts are based on the evidence, as viewed in the light most
favorable to Plaintiff as the non-moving party.  *See Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 255 (1986) (On a motion for summary judgment, "[t]he evidence of the
nonmovant is to be believed, and all justifiable inferences are to be drawn in his[, her,
or its] favor.").

Defendant was established in 1981 by a group of Holocaust survivors with the
mission to "preserve the legacy of the victims and survivors of the Holocaust (Shoah)
through research, education, publications, exhibitions and philanthropy."  (Defendant's
Statement of Uncontroverted Facts ("SUF") (Docket No. 29) ¶ 6).  For more than 40
years, Defendant worked alongside Yad Vashem, the World Holocaust Remembrance
Center in Jerusalem.  (*Id.* ¶ 7).  Through seminars and conferences, Defendant trained
educators and professionals to preserve the educational curriculum of Yad Vashem, in
the classroom and in the public sphere.  (*Id.* ¶ 8).  Additionally, Defendant functioned
as a member of the Association of Holocaust Organizations (the "AHO"), an
international network of organizations and individuals for the advancement of
Holocaust education, remembrance, and research.  (*Id.* ¶ 10).  Defendant, through its
fundraising efforts, solely contributed funds as donations to Yad Vashem.  (Plaintiff's
Additional Material Facts ("PAMF") (Docket No. 35-1) ¶ 3).

Plaintiff was employed by Defendant from November 2016 through July 2022.
(SUF ¶ 1).  Plaintiff was hired as a Development Assistant.  (PAMF ¶ 35).  In 2018,
Plaintiff was promoted to the position of Development Associate and Young
Leadership.  (*Id.* ¶ 37).  The "Young Leadership" portion of her job reflected the goal
of Defendant to involve younger participants in raising money for Yad Vashem.  (*Id.*
¶ 119).  In March 2021, Plaintiff became the Interim Western Region Director.  (*Id.*
¶ 37).  In September 2021, Plaintiff was promoted to the role of Senior Development
Associate and Young Leadership.  (*Id.* ¶ 40).  In her various positions, Plaintiff spent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-09038-MWF (PVCx)**          **Date:  December 19, 2024**
Title:     Donna Yasmin Lavy v. American Society for Yad Vashem et al.

the vast majority of her time contacting and meeting with potential donors, both Jewish and non-Jewish, to raise funds to donate to Yad Vashem.

In December 2021, Plaintiff first learned she was pregnant.  (*Id.* ¶ 41).  On March 2, 2022, Plaintiff disclosed for the first time her pregnancy to her supervisor.  (*Id.* ¶ 43).  On March 23, 2022, Plaintiff told the rest of her team.  (*Id.* ¶¶ 47, 49).  In July 2022, Plaintiff was terminated.  (*Id.* ¶¶ 102, 105).

Defendant moves for summary judgment on all claims.

## II.     **LEGAL STANDARD**

In deciding a motion for summary judgment under Rule 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The Ninth Circuit has defined the shifting burden of proof governing motions for summary judgment where the non-moving party bears the burden of proof at trial:

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact. Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence. The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue. In fact, the non-moving party must come

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-09038-MWF (PVCx)          Date:  December 19, 2024
Title:      Donna Yasmin Lavy v. American Society for Yad Vashem et al.

forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor.

*Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1259 n.2 (9th Cir. 2016) (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)).

"A motion for summary judgment may not be defeated, however, by evidence that is 'merely colorable' or 'is not significantly probative.'" *Anderson*, 477 U.S. at 249–50.  "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

## III.  **DISCUSSION**

### A.     **Ministerial Exception**

Under the ministerial exception, "courts are bound to stay out of employment disputes" involving "ministers." *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 591 U.S. 732, 746 (2020).  There is no "rigid formula for deciding when an employee qualifies as a minister." *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. EEOC*, 565 U.S. 171, 190 (2012).  The role of a court is to "take all relevant circumstances into account and to determine whether each particular position implicated the fundamental purpose of the exception." *Behrend v. San Francisco Zen Ctr., Inc.*, 108 F.4th 765, 769 (9th Cir. 2024) (quoting *Our Lady of Guadalupe*, 591 U.S. at 758).  "That purpose is to ensure 'the independence of religious institutions in matters of 'faith, doctrine,' and 'church government.'" *Id.* (citation and internal quotation marks).

"The ministerial exception derives from both the Free Exercise and Establishment Clauses of the First Amendment." *Werft v. Desert Sw. Ann. Conf. of United Methodist Church*, 377 F.3d 1099 (9th Cir. 2004) (per curiam).  "The Free

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-09038-MWF (PVCx)          Date:  December 19, 2024**
**Title:      Donna Yasmin Lavy v. American Society for Yad Vashem et al.**

Exercise Clause rationale for protecting a church's personnel decisions concerning its ministers is the necessity of allowing the church to choose its representatives using whatever criteria it deems relevant." *Bollard v. California Province of the Soc'y of Jesus*, 196 F.3d 940, 947 (9th Cir. 1999).  "Indeed, the ministerial relationship lies so close to the heart of the church that it would offend the Free Exercise Clause simply to require the church to articulate a religious justification for its personnel decisions." *Id.* at 946.  "Similarly, applying a statute to the clergy-church employment relationship creates a constitutionally impermissible entanglement with religion in violation of the Establishment Clause if the church's freedom to choose its ministers is at stake." *Alcazar v. Corp. of the Cath. Archbishop of Seattle*, 627 F.3d 1288, 1291 (9th Cir. 2010).  Because the ministerial exception "operates as an affirmative defense," the defendant bears the burden of proof.  *Hosanna-Tabor*, 565 U.S. at 195 n.4.

Plaintiff argues that the ministerial exception does not apply because she did not serve as a "minister", and Defendant is not a "religious institution."   (Opposition at 23, 25).

### 1.  Whether Plaintiff is a Minister

The Supreme Court has provided some guidance by identifying four circumstances in which an employee might qualify as a "minister" within the meaning of the ministerial exception: (1) when a religious organization holds the employee out as a minister by bestowing a religious title; (2) when an employee's title as minister reflects a significant degree of religious training followed by a formal process of commissioning; (3) when an employee's job duties reflect a role in conveying the religious organization's message and carrying out its mission; and (4) when an employee holds him or herself out as a religious leader.  *See Puri v. Khalsa*, 844 F.3d 1152, 1160 (9th Cir. 2017) (*citing Hosanna-Tabor*, 565 U.S. at 191-92, 132 S.Ct. 694).

The Court concludes that Defendant has not satisfied its burden in establishing Plaintiff qualifies as a "minister."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 23-09038-MWF (PVCx)**          **Date:** **December 19, 2024**
Title:     Donna Yasmin Lavy v. American Society for Yad Vashem et al.

*First*, based on the record, Defendant never bestowed a religious title on Plaintiff during her employment.  The titles Plaintiff held during her employment included "Development Assistant", "Development Associate", "Development Associate and Young Leadership", "Interim Western Region Director", and "Senior Development Associate and Young Leadership".  (PAMF ¶¶ 113–14).

*Second*, none of Plaintiff's titles reflect any degree of required religious training.  (*See id.*).

*Third*, Plaintiff's job duties did not reflect a role in conveying a religious message.  The record shows that the job descriptions for the positions Plaintiff held do not mention anything about a religious message or her role in communicating said religious message.  (*See* Declaration of Donna Yasmin Lavy ("Lavy Decl."), Ex. 2).  As discussed in more detail below, the record supports Plaintiff's contention that Defendant primarily operates as a fundraising organization, not a religious organization.  Thus, while Plaintiff may have assisted Defendant in carrying out its mission of raising funds for Yad Vashem, Defendant has not proffered sufficient evidence establishing that Plaintiff's job duties reflected a role that necessarily conveyed a religious message or carried out a religious mission.

*Fourth*, Plaintiff never held herself out as a religious leader.  (Opposition at 27).

Accordingly, under the four circumstances delineated in *Hosanna-Tabor*, Plaintiff does not qualify as a minister.

Even beyond the specific circumstances identified in *Hosanna-Tabor*, however, the record does not support a finding that Plaintiff is a "minister" within the meaning of the ministerial exception.  The record does not show that Plaintiff's job duties required her to be of any specific faith, to educate anyone on a particular religion's customs or laws, to spread a religious message, or to oversee or participate in any religious ceremonies.  Plaintiff's primary job duty throughout her employment with Defendant was fundraising development.  (Lavy Decl. ¶ 42).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-09038-MWF (PVCx)          Date:  December 19, 2024
Title:      Donna Yasmin Lavy v. American Society for Yad Vashem et al.

The authorities to which Defendant cites are inapposite.  Defendant first cites to two cases in which courts found that a "mashgiach" qualified as a minister for purposes of the exception.  (*See* Motion at 9–10) (*citing Markel v. Union of Orthodox Jewish Congregations of America*, 648 F.Supp.3d 1181 (C.D. Cal. 2023); *Shaliehsabou v. Hebrew Home of Greater Washington, Inc.,* 363 F.3d 299 (4th Cir. 2004)).  But there are notable distinctions between the role of a mashgiach and those that Plaintiff held when employed by Defendant.  The courts in both *Markel* and *Shaliehsabou* defined a mashgiach as "an inspector appointed by a board of Orthodox rabbis to guard against any violation of the Jewish dietary laws."  *Markel*, 648 F. Supp. 3d at 1189 (quoting *Shaliehsabou*, 363 F.3d at 301).  To become a mashgiach, "one must be Jewish, Sabbath-observant, [] Torah-observant[, and] knowledgeable about Jewish law[.]"  648 F. Supp. 3d at 1187.  None of those characteristics were similarly required of Plaintiff.  As such, this Court cannot conclude that Plaintiff's job duties were "undisputedly implicated in Jewish religious beliefs."  (*Id.* at 1191).

Defendant next cites to cases in which the employees performed arguably menial or administrative work for organizations that were clearly religious in nature.  (*See* Motion at 10–11) (*citing Aparicio v. Christian Union, Inc.*, 2019 WL 1437618 (S.D.N.Y); *Behrend*, 108 F.4th 765).  As discussed below, that is not similarly the case with Defendant.  And though the employee in *Behrend* argued he performed mostly menial work for the San Francisco Zen Center, the Ninth Circuit found he "performed vital religious duties" because, among other things, "[h]e lived and worked full time at the temple as a monk", "he was responsible for assisting with rituals, participating in mediations and services, cleaning the temple, attending talks and classes, and performing doan ryo ceremonial tasks like ringing bells and cleaning altars."  108 F.4th at 770 (quotation marks and citation omitted).  Here, Defendant has not provided any evidence that Plaintiff similarly performed vital religious duties.

Accordingly, Plaintiff does not qualify as a "minister" within the meaning of the ministerial exception.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-09038-MWF (PVCx)          Date:  December 19, 2024
Title:     Donna Yasmin Lavy v. American Society for Yad Vashem et al.

### 2.  Whether Defendant is a Religious Institution

The ministerial exception has been extended to cases involving "religiously affiliated entities, whose missions are marked by clear or obvious religious characteristics."  *Penn v. New York Methodist Hosp.*, 884 F.3d 416, 424 (2d Cir. 2018) (citation and internal quotation marks omitted); *see also Conlon v. InterVarsity Christian Fellowship*, 777 F.3d 829 (6th Cir. 2015); *Shaliehsabou v. Hebrew Home of Greater Washington, Inc.*, 363 F.3d 299, 310 (4th Cir. 2004).

Defendant argues that it is a religious institution because it is a "a non-profit entity" whose "mission is to preserve the legacy of the victims and survivors of the Holocaust (Shoah) through research, education, publications, exhibitions and philanthropy." (Motion at 4).  In furthering that mission, Defendant states that it was a member of AHO.  (*Id.*).

The Court determines that Defendant fails to satisfy its burden of production of showing that it has clear and obvious religious characteristics for purposes of the ministerial exception.  Defendant does not provide either evidence or legal authority demonstrating that its mission of historical education and memorialization moves it under the broad umbrella of "religious institutions" for purposes of the ministerial exception.  Rather, the Court concludes that Plaintiff has raised a genuine dispute that Defendant operates primarily as a fundraising organization.  For example, Defendant has not offered any evidence that its bylaws or certificate of incorporation set forth any religious purpose.  Nor does it appear that Defendant held itself out to the public to be a religious organization.  (*See e.g.*, PAMF, Ex. 5 (tax filing where Defendant describes its initiatives as including fundraising, social, and education events).  And there was no requirement that any of Defendant's employees be of a particular religion.  (PAMF, Ex. B, Declaration of Stanley Stone, 155:16-156:2).

Notably, the Court is not persuaded that the broader purpose of the ministerial exception is implicated here, as it is unclear how allowing Plaintiff's claims to proceed would necessarily "create[] a constitutionally impermissible entanglement with religion in violation of the Establishment Clause[.]"  *Alcazar*, 627 F.3d at 1291.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-09038-MWF (PVCx)          Date:  December 19, 2024
Title:      Donna Yasmin Lavy v. American Society for Yad Vashem et al.

Accordingly, the Motion is denied as to the application of the ministerial exception.

### B.      FEHA's Religious Corporation Exemption

A "religious association or corporation not organized for private profit" is not considered an employer for purposes of FEHA.  *Henry v. Red Hill Evangelical Lutheran Church of Tustin*, 201 Cal. App. 4th 1041, 1049, 134 Cal. Rptr. 3d 15 (2011) (citing Cal. Gov't Code § 12926(d)).  California law defines a religious corporation, in relevant part, to include "a corporation that is formed primarily or exclusively for religious purposes under the laws of any other state to administer the affairs of an organized religious group and that is not organized for private profit."  Cal. Gov't Code § 12926.2(a).

Defendant contends that it is a "religious corporation" by its "function regarding the Holocaust."  (Reply at 5).

The Court concludes that Defendant also fails to meet its burden of production to qualify for this exemption for the same reasons stated above.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.